CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 09 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) Case No. 7:11CR00009-01 |
| v. | ) |
| | ) **MEMORANDUM OPINION** |
| ELIJAH LEE BOND, | ) |
| | ) By: Hon. Glen E. Conrad |
| | ) Chief United States District Judge |
| Defendant. | ) |

Defendant Elijah Lee Bond has filed a motion for reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, Bond's motion must be denied.

## Background

On April 11, 2011, Bond entered a plea of guilty to distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1). Prior to sentencing, the probation officer prepared a presentence report, which designated Bond as a career offender under § 4B1.1 of the Sentencing Guidelines, and calculated the applicable Guidelines range based on that provision. At the time of sentencing, the court adopted the presentence report and found that Bond qualified as a career offender. In light of the career offender designation, the Guidelines range of imprisonment was 151 to 188 months. However, based on multiple factors, the court both departed and varied from the Guidelines range, and imposed a 96-month sentence. In 2014, the court reduced Bond's term of imprisonment to 60 months pursuant to Federal Rule of Criminal Procedure 35(b)(2).

Bond now seeks a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which generally reduced the base offense levels applicable to drug offenses under § 2D1.1 of the Guidelines by two levels. The court previously issued a notice advising Bond that he may not be eligible for a reduction because of his designation as a career offender under § 4B1.1.

The Office of the Federal Public Defender was appointed to represent Bond. An attorney in the office has filed a brief in support of Bond's motion. The motion is ripe for disposition.

## Discussion

A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Sentencing Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).*

---

* The defendant asserts that Application Note 1(A) is invalid because the Sentencing Commission failed to comply with the notice and comment provisions of the Administrative Procedure Act (APA). However, the defendant does not cite any authority adopting this position, and "every circuit to consider the APA argument has upheld the Note's validity." United States v. Webb, 760 F.3d 513, 520 n.6 (6th Cir. 2014) (citing cases). Likewise, courts have rejected the defendant's argument that the Application Note violates the Ex Post Facto Clause and the separation of powers doctrine. See, e.g., United States v. Adams, 545 F. App'x 659, 661-62 (9th Cir. 2013); United States v. Wright, 562 F. App'x 885, 889 (11th Cir. 2014); United States v. Ware, 694 F.3d 527, 534 (3d Cir. 2012); United States v. Goode, 953 F. Supp. 2d 74, 79 (D.D.C. 2013). The court's review of existing caselaw reveals that the Note's definition of the "applicable guideline range" has been consistently applied in every circuit, including the United States Court of Appeals for the Fourth Circuit. See, e.g., United States v. Solomon, No. 16-6009, 2016 U.S. App. LEXIS 6024, at *1 (4th Cir. Apr. 1, 2016); United States v. Moton, 531 F. App'x 377, 378 (4th Cir. 2013).

In this case, Bond's applicable guideline range was his career offender range of 151 to 188 months, which was calculated pursuant to § 4B1.1 of the Sentencing Guidelines. As other courts have previously explained, "Amendment 782 amended § 2D1.1" of the Guidelines; it "did not lower the sentencing range established for a career offender by § 4B1.1." United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014); see also United States v. Avent, 633 F. App'x 176 (4th Cir. 2016) ("Amendment 782 is not applicable to sentences . . . derived from the career offender provisions in the Sentencing Guidelines."); United States v. Miller, 632 F. App'x 609 n.1 (11th Cir. 2016) ("Amendment 782 . . . does not affect any of the Guidelines' career offender provisions."). Therefore, Bond's applicable guideline range was not affected by Amendment 782. Although the court both departed and varied from that range at sentencing, "the 'applicable guideline range' remains the original pre-departure range." United States v. Webb, 760 F.3d 513, 520 (6th Cir. 2014). Because that range has not been lowered by any retroactively-applicable amendments to the Sentencing Guidelines, Bond is not eligible for a sentence reduction under § 3582(c)(2). See United States v. Hall, 627 F. App'x 266 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender (a Guidelines range from which the district court departed downward at sentencing), Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction."); United States v. Rinaldi, 623 F. App'x 579, 581 (3d Cir. 2015) ("Rinaldi's applicable guideline range is the range calculated pursuant to the career offender designation of § 4B1.1, and not the range calculated after applying any departure or variance.") (internal citation and quotation marks omitted).

For these reasons, Bond's motion for reduction of sentence under § 3582(c)(2) must be denied. The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 9th day of May, 2016.

*[signature]*
Chief United States District Judge